A.M. Med. Servs., P.C. v State Farm Mut. Ins. Co. (2020 NY Slip Op
51520(U))

[*1]

A.M. Med. Servs., P.C. v State Farm Mut. Ins. Co.

2020 NY Slip Op 51520(U) [70 Misc 3d 129(A)]

Decided on December 18, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 18, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2018-2460 Q C

A.M. Medical Services, P.C., as Assignee of
Boris Simanovsky, Appellant,
against
State Farm Mutual Insurance Co., Respondent.

Law Office of David O'Connor, LLC (David O'Connor of counsel), for appellant.
Rivkin Radler, LLP (Stuart M. Bodoff and Cheryl F. Korman of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Maurice
E. Muir, J.), entered April 20, 2018. The order, insofar as appealed from and as limited by the
brief, granted the branch of defendant's motion seeking to toll the accrual of no-fault statutory
interest based upon plaintiff's delay in the prosecution of the action to the extent of tolling that
interest from January 1, 2005 to July 12, 2017.

ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
Plaintiff commenced this action in 2002 to recover assigned first-party no-fault benefits for
services allegedly rendered in 2001. The record demonstrates that issue was joined in July 2002,
that a motion by plaintiff for summary judgment was denied in December of 2004, and that
plaintiff served and filed a notice of trial in or about July 2017. Plaintiff appeals, as limited by
the brief, from so much of an order entered April 20, 2018 as granted the branch of defendant's
motion seeking to toll the accrual of no-fault statutory interest to the extent of tolling that interest
from January 1, 2005 to July 12, 2017.
Where a provider does not commence a no-fault action within 30 days of receipt of the
insurer's denial of claim form, the Insurance Department Regulations provide that statutory
interest (see Insurance Law § 5106 [a]) does not begin to accumulate until an action
is commenced (11 NYCRR 65-3.9 [c]). If an action has been commenced, statutory interest
accumulates "unless the applicant unreasonably delays the . . . court proceeding" (former 11
NYCRR 65.15 [h] [now 11 NYCRR 65-3.9 (d)]). In this case, since plaintiff moved for [*2]summary judgment, but took no meaningful action to prosecute the
case after that motion was denied until it filed a notice of trial on July 12, 2017, the Civil Court
properly tolled the no-fault interest until that date. Plaintiff's assertion on appeal, that defendant
failed to serve responses to plaintiff's discovery demands, even if true, is not a basis to find that it
was defendant who had "unreasonably delay[ed]" the action (see Vitality Chiropractic, P.C. v Countrywide Ins., 59 Misc 3d
150[A], 2018 NY Slip Op 50838[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2018]; Kew Gardens Med &
Rehab, P.C. v Country-Wide Ins. Co., 52 Misc 3d 143[A], 2016 NY Slip Op 51240[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).
Accordingly, the order, insofar as appealed from, is affirmed.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 18, 2020